UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 4:10-CV-12190

|  |  |
|---|---|
| JAMES P. BELINSKAS AND MADELEINE BELINSKAS  v.  MICHAEL JOHNSON AND AJ WEIGAND, INC. | ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' MOTION TO COMPEL
PRODUCTION OF SOCIAL SECURITY RECORDS**

This lawsuit arises from a December 4, 2007 motor vehicle accident involving plaintiff James Belinskas' motor vehicle and a tractor trailer driven by defendant Michael Johnson and operated by defendant AJ Weigand. Mr. Belinskas has sued Mr. Johnson and Weigand alleging permanent back injuries. Discovery has revealed that Mr. Belinskas injured his back in a second, unrelated motor vehicle accident on October 24, 2008. Subsequently, Mr. Belinskas made a claim for Social Security disability benefits. Weigand asked Mr. Belinskas to produce all documents relating to his claims for disability benefits and to sign an authorization for his Social Security records. Mr. Belinskas produced several documents from his Social Security file, but refused to produce the complete file or sign an authorization. Weigand moves to compel the production of these records because they are reasonably calculated to lead to the discovery of admissible evidence on causation and the extent of Mr. Belinskas' damages.

**ARGUMENT**

Fed. R. Civ. P. 26(b)(1) requires the production of all documents that "appear reasonably calculated to lead to the discovery of admissible evidence." Braga v. Hodgson, 605 F. 3d 58, 60 (1st Cir. 2010) (quoting Fed. R. Civ. P. 26(b)(1)). This court has emphasized that "'[b]road

discovery is a cornerstone of the litigation process contemplated by the Federal Rules of Civil Procedure.'" W.E. Aubuchon Co. v. BeneFirst, LLC, 245 F.R.D. 38, 41 (D. Mass. 2007) (Hillman, J.) (quoting Zubulake v. UBS Warburg, 217 F.R.D. 309, 311 (S.D.N.Y. 2003)) (alteration in original). Id. at 64. Mr. Belinskas' Social Security file contains documents relevant to his physical condition, including an application which he signed under pains and penalties of perjury and medical reports or letters that his doctors submitted in support of his claim. These materials are relevant to the nature of his physical condition and how it is related to the two accidents.

Federal courts routinely compel the production of Social Security records. See, e.g., Thai v. Miller Truck Lines, Inc., No. 05-1958, 2006 WL 2349605, at *1-2 (W.D. La. Aug. 11, 2006) (allowing motion to compel production of Social Security records in case involving rear-end trucking accident); Alford v. Todco, No. 88-731E, 1990 WL 82346, at *1-2 (W.D.N.Y. June 13, 1990) (allowing motion to compel production of Social Security records in trucking accident case). This is because a plaintiff places his medical condition at issue by filing a personal injury case. See Rua v. Glodis, No. 10-40251-FDS, 2011 WL 5076319, at *2 (D. Mass. Oct. 24, 2011) (allowing motion to compel as to medical records). Also, statements that a plaintiff makes about his physical condition are relevant to damages. Alford, 1990 WL 82346, at *1.

## **CONCLUSION**

Mr. Belinskas placed his medical condition at issue by filing this lawsuit. Our broad discovery rules entitle Weigand to his Social Security records, which are particularly relevant because he is claiming that he injured his back in two separate motor vehicle accidents. Weigand respectfully requests the Court allow its motion to compel and order Mr. Belinskas to sign an authorization for his Social Security records. Exhibit A is a sample authorization.

                                                   AJ Weigand, Inc.,

                                                   By its attorneys,

                                                 /s/ Brian D. Lipkin
                                               Michael J. Mazurczak, BBO #555106
                                               Brian D. Lipkin, BBO #673850
                                               Melick, Porter & Shea, LLP
                                               28 State Street, 22nd Floor
                                               Boston, Massachusetts 02109
                                               (617) 523-6200
                                               Fax: (617) 523-8130
                                               maz@melicklaw.com
                                               blipkin@melicklaw.com

Dated: December 28, 2011

## CERTIFICATION UNDER
## LOCAL RULES 7.1(a)(2) AND 37.1(b)

     I certify that I have made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in this motion. Specifically, I communicated with Timothy P. Wickstrom by e-mail about this issue on July 11, 2011, July 12, 2011, and December 1, 2011. Also, the deposition transcript of James Belinskas indicates that Michael J. Mazurczak discussed this issue with Mr. Wickstrom on November 30, 2011.

                                                 /s/ Brian D. Lipkin
Dated: December 28, 2011

## **CERTIFICATE OF SERVICE**

I certify that on December 28, 2011, I e-filed this document through the ECF system. An electronic copy will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                      /s/ Brian D. Lipkin

Dated: December 28, 2011